UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-24316-CIV-GRAHAM/GOODMAN

TORIANO J. MONTGOMERY,

    Plaintiff,

v.

BRICKELL PLACE CONDOMINIUM
ASSOCIATION, INC.,

    Defendant.
_____/

## ORDER ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Plaintiff Toriano J. Montgomery's *pro se* motion for summary judgment (DE 9), filed on January 18, 2012. Defendant Brickell Place Condominium Association, Inc. filed a response on February 6, 2012 (DE 11). The plaintiff did not file a reply. On March 13, 2012, U.S. District Judge Donald L. Graham referred all pre-trial motions to the Undersigned (DE 28) and the parties previously consented to magistrate jurisdiction for summary judgment motions (DE 20).

In this employment discrimination action, arising under Title VII of the Civil Rights Act of 1964, the plaintiff claims that he was fired because of his race and national origin. The plaintiff was hired as a security officer by the defendant in 2005 and was promoted to a shift supervisor in 2007. The defendant fired the plaintiff in April 2009. The plaintiff's summary judgment motion is based exclusively on an EEOC Letter of Determination dated July 14, 2011. In the letter, Malcolm S. Medley, the District Director of the EEOC Miami District Office, summarized the facts underlying the

plaintiff's claim and determined that the evidence showed that but for the plaintiff's status as an African American, he would probably still be employed by the defendant.

The defendant argues that the summary judgment motion should be denied because (1) the EEOC Letter of Determination is inadmissible under Federal Rule of Evidence 403 and (2) genuine issues of material fact exist that preclude the entry of summary judgment.

The defendant submitted an affidavit by Jerry Chambers, the defendant's association manager. Chambers' affidavit describes numerous performance-related issues on the part of the plaintiff, indicates that the plaintiff received numerous reprimands for deficient performance and describes the plaintiff as a disgruntled and at times insubordinate employee. The affidavit, which is based on Chambers' personal knowledge, indicates that the decision to terminate the plaintiff was entirely performance-related and had nothing to do with the plaintiff's race or national origin.[1]

Summary judgment is appropriate only when the pleadings, depositions, affidavits and exhibits show that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a),(c). On a motion for summary judgment, the court must view all the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party and determine whether the evidence could reasonably sustain a jury verdict for the non-movant. *See Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

---

[1] The original affidavit filed with the defendant's response was unsigned and was not notarized, but the defendant subsequently filed a copy of the original, signed and notarized affidavit (DE 27-1). The defendant also later filed the exhibits cited in the affidavit (DE 33 and attachments). The exhibits include correspondence between the plaintiff and Chambers, including a list of grievances that the plaintiff submitted and responses to those grievances prepared by Chambers.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

The Chambers affidavit describes numerous job-performance issues that the plaintiff had during his employment -- including four which resulted in written reprimands -- and provides sufficient evidence to create a genuine issue of material fact as to why the plaintiff was terminated. Thus, the evidence submitted by the defendant could support a verdict in its favor based on the conclusion that the plaintiff was fired for reasons other than his race or national origin. Accordingly, the plaintiff's motion for summary judgment is **denied**.[2]

**DONE AND ORDERED** in Chambers, at Miami, Florida, March 20, 2012.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Hon. Donald L. Graham
All Counsel of Record

Toriano J. Montgomery, *pro se*
P.O. Box 450845
Miami, FL 33245

---

[2] This Order does not address whether the EEOC Letter of Determination is admissible. Given the evidence submitted by the defendant, the plaintiff is not entitled to summary judgment irrespective of the letter's admissibility. The Court notes that the defendant has separately filed a motion, in the nature of a motion *in limine*, to exclude the letter as evidence in this case (DE 12). That motion will be ruled upon in due course.