UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 11-24316-CIV-GRAHAM/GOODMAN

TORIANO J. MONTGOMERY,

    Plaintiff,

v.

BRICKELL PLACE CONDOMINIUM
ASSN, INC.,

    Defendant.
_____/

## ORDER ON MOTION TO EXCLUDE EEOC LETTER

In this employment discrimination case, the Defendant, Brickell Place Condominium Association, Inc., has filed a Motion to Exclude EEOC Letter of Determination and Notice of Suit Rights (DE 12). The motion is in the nature of a motion *in limine* to exclude the EEOC letter from consideration as evidence in this case. Plaintiff Toriano J. Montgomery, who is proceeding *pro se*, did not respond to the motion, however, the motion indicates that the defendant duly conferred with the plaintiff before filing the motion and that he is opposed to the requested relief.

In the Eleventh Circuit, EEOC letters of determination are *prima facie* admissible under the exception to the hearsay rule that permits "in a civil case . . . factual findings from a legally authorized investigation." Fed. R. Evid. 803(8)(A)(iii) (formerly Fed. R. Evid. 803(8)); *Barfield v. Orange Cnty.*, 911 F.2d 644, 649 (11th Cir. 1990). It is well-established that EEOC determinations are admissible in bench trials, but the same liberal standard of admissibility does not extend to jury trials. *Walker v. NationsBank of Fla.*

*N.A.*, 53 F.3d 1548, 1554 (11th Cir. 1995). In this case, both parties have demanded a jury trial.

> The admission of an EEOC report . . . may be much more likely to present the danger of creating unfair prejudice in the minds of the jury than in the mind of the trial judge, who is well aware of the limits and vagaries of administrative determinations and better able to assign the report appropriate weight and no more.

*Barfield*, 911 F.2d at 651. Accordingly, the Eleventh Circuit has instructed trial courts to examine EEOC letters on a case-by-case basis and to consider whether the letters contain legal conclusions, raise questions of trustworthiness or present problems under Federal Rule of Evidence 403. *Barfield*, 911 F.2d at 650. Rule 403 permits trial courts to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The EEOC letter here contains a cover notice stating that the EEOC found "reasonable cause" to believe that a violation of the antidiscrimination statute occurred. The EEOC letter contains six paragraphs of summary and analysis nestled between several paragraphs of form language. Paragraph two describes the allegations of discrimination. Paragraphs three through five describe the defendant's positions. Paragraphs six and seven contain some additional discussion and make several conclusory statements that discrimination occurred based on the record evidence. The EEOC letter notes that the defendant has advanced non-discriminatory explanations for its behavior but then concludes that disparate treatment occurred without explaining *why* it rejects the defendant's explanations.

Upon a careful review of the EEOC letter, the Undersigned finds that its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues and misleading the jury.

The EEOC letter contains legal conclusions by an official government body that the plaintiff was a victim of discrimination but gives little indication as to what evidence it considered and how it weighed that evidence. This could have a substantial prejudicial effect on the jury's ultimate assessment of the relevant witnesses' credibility. *See Byrd v. BT Foods, Inc.*, 26 So. 3d 600, 607 (Fla. 4th DCA 2009) (reversing judgment following jury verdict because the trial court abused its discretion by admitting a determination letter from the Broward County Civil Rights Division based on the letter's potential to create substantial prejudice on the jury's credibility determinations).

It is also worth noting that Title VII actions are *de novo* proceedings -- not administrative appeals -- and that all relevant evidence should therefore be considered anew by the jury. *Cf. Anderson v. Napolitano*, No. 09-60744, 2010 U.S. Dist. LEXIS 10422, at *23 (S.D. Fla. Feb. 8, 2010) ("Title VII claims are entitled to *de novo* review.") (citing *Chandler v. Roudebush*, 425 U.S. 840, 845 (1976)). Thus, the jury here will be able to hear from the relevant witnesses and to make its own credibility assessments.

The reason why the EEOC appears to have rejected the defendant's explanations outright (and to have accepted the plaintiff's version of events) may also have to do with the different standards of proof in a civil case versus an EEOC investigation. The EEOC investigation yielded a finding that there was "reasonable cause to believe" that discrimination occurred. The reasonable cause standard -- commonly referred to as probable cause -- refers to "[a] reasonable belief in the existence of facts on which a

3

claim is based and in the legal validity of the claim itself." BLACK'S LAW DICTIONARY 1321 (9th ed. 2009). Because this standard of proof is *less* than a preponderance of the evidence, the standard necessary to prevail in a civil trial, the EEOC letter may sow confusion as to the proper burden of proof and mislead the jury as to what weight it should give the EEOC letter itself. *Cf. United States v. Lightbourn*, 357 F. App'x 259, 263 (11th Cir. 2009) (describing probable cause as requiring less proof than preponderance of the evidence).

On the other side of the equation, the probative value of the letter is slight. The letter makes numerous references to the "evidence," but, other than mentioning one affidavit, does not identify the evidence in the record. For example, the letter does not mention whom the EEOC interviewed, what documents were reviewed or what the EEOC actually did to investigate the charges of discrimination. *See Rudy v. Miami-Dade Cnty.*, No. 01-6354, 2002 U.S. Dist. LEXIS 28265, at *24 (S.D. Fla. Feb. 6, 2002) (EEOC letter was of little probative value because it was conclusory and did not outline the evidentiary basis for its conclusions); *Lee v. Executive Airlines, Inc.*, 31 F. Supp. 2d 1355, 1357 (S.D. Fla. 1998) (excluding EEOC letter that did "not outline, even summarily, the evidence upon which it relies for its conclusions").

Accordingly, the defendant's motion to exclude the EEOC letter of determination is **GRANTED**. The plaintiff, who is *pro se*, is cautioned that he must develop an independent evidentiary record, without reference to his EEOC letter of determination, which substantiates his claims of discrimination, in order to survive a defense motion for summary judgment or to prevail at trial. The Court strongly encourages the plaintiff to attempt to retain legal counsel and, failing that, to diligently research how to prosecute

this case as a plaintiff in federal court. As stated in the Order of Instructions to Pro Se Litigants:

> A pro se plaintiff bears responsibility for actively pursuing his or her case and must obtain any essential discovery, file all necessary pleadings and motions, comply with all scheduling orders, and prepare the case for trial. Failure to comply with court deadlines may result in dismissal for lack of prosecution.

(DE 31, ¶7). The order also mentioned that *pro se* parties are required to comply with the Court's procedural rules. This includes not only the Federal Rules of Civil Procedure but also the Federal Rules of Evidence. These rules are widely available on the open web and can also be accessed through the Court's website, www.flsd.uscourts.gov, under the heading "Local Rules and Procedures," which can be found under the "Attorney Resources" tab.

DONE and ORDERED in Chambers, at Miami, Florida, April 11, 2012.

_____
Jonathan Goodman
United States Magistrate Judge

Copies furnished to:
Hon. Donald L. Graham
Counsel of Record

Toriano J. Montgomery
P.O. Box 450845
Miami, FL 33245
PRO SE

5